UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACK LANKFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03935-JMS-TAB |
| | ) | |
| PAUL TALBOT Dr., individually and | ) | |
| professionally as the P.C.F. Dr., | ) | |
| WEXFORD OF INDIANA LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY INJUNCTION

The Court has granted Plaintiff Jack Lankford's motion for a preliminary injunction that would require the defendants to arrange a consultation with a specialist outside Pendleton Correctional Facility (PCF) where he is housed. The Court now enters its preliminary injunction pursuant to Federal Rule of Civil Procedure 65(d)(1) and *MillerCoors LLC v. Anheuser-Busch Cos.*, 940 F.3d 922 (7th Cir. 2019).

### A. Terms of the Preliminary Injunction

Defendant Wexford of Indiana, LLC, shall have **through May 18, 2020**, to file notice that it has scheduled an appointment for Mr. Lankford to be examined by an appropriate specialist who could provide an appropriate diagnostic scan (e.g. an ultrasound, CT, or MRI) to determine whether Mr. Lankford is suffering from carotid artery disease. Wexford may file this notice *ex parte* to avoid giving Mr. Lankford advance notice of the date and location of his examination.

Wexford shall provide the specialist with a copy of this Order.

Within **seven days** following the examination, Wexford shall file notice that it has arranged for Mr. Lankford to receive the treatment recommended by the specialist.

This preliminary injunction shall automatically expire on **August 4, 2020**. If Mr. Lankford wishes to renew the preliminary injunction, he shall file a motion for renewal no later than **July 21, 2020**.

### B. Reasons for the Preliminary Injunction

In January 2012, Mr. Lankford underwent carotid endarterectomy patch angioplasty for stenosis of his left internal carotid artery. One of Mr. Lankford's symptoms had been exercise-induced dizziness. The doctor advised Mr. Lankford that there was also stenosis in his right internal carotid artery, but the doctor did not recommend surgery for the right artery at that time. Rather, the doctor advised Mr. Lankford to monitor for any symptoms.

Beginning in March 2018, Mr. Lankford has experienced dizzy spells, ringing in his ears, headaches, and nausea. He has submitted several health care request forms mentioning his history of stenosis in his carotid arteries. Mr. Lankford has asked his medical providers at PCF several times to refer him to a specialist for a scan to determine whether he was suffering from stenosis of his carotid artery, but they have not ordered a referral.

Because the medical providers at PCF have refused to refer Mr. Lankford to a specialist, Mr. Lankford filed a motion for the Court to order a medical examination, which the Court construed as a motion for a preliminary injunction. "To obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted). Further, because Mr. Lankford is a prisoner, the Prison Litigation Reform Act (PLRA) "circumscribes the scope of the court's authority to enter an injunction" in this case. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). "Preliminary injunctive relief must be narrowly drawn, extend no further than

2

necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate that he suffered from an objectively serious medical condition, and that the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). A prisoner may show deliberate indifference by establishing that his medical providers have chosen "an 'easier and less efficacious treatment' without exercising professional judgment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)).

Mr. Lankford appears well-equipped to establish deliberate indifference. He has a documented history of a serious medical condition that required surgery. Dizziness was the only symptom Mr. Lankford complained of prior to his 2012 surgery, and it is one of his chief symptoms now. Mr. Lankford is 69 years old and diabetic. Dizziness and severe headaches are symptoms of carotid artery disease, and age and diabetes are both risk factors. *See* Mayo Clinic, *Carotid Artery Disease*, available at https://www.mayoclinic.org/diseases-conditions/carotid-artery-disease/symptoms-causes/syc-20360519 (last visited May 1, 2020). Yet Dr. Talbot and other medical providers at PCF have disregarded Mr. Lankford's concerns and have not referred Mr. Lankford to a specialist for any diagnostic scan. This is evidence that Wexford's medical staff at PCF has opted for an easier treatment—or no treatment at all—without exercising professional judgment.

The Court finds at this stage that Mr. Lankford is likely to suffer irreparable harm if he has stenosis that remains untreated. Blocked carotid arteries may cause strokes, which can be fatal or cause permanent brain damage. *See*, *Carotid Artery Disease*, *supra*.

The defendants have not asserted any reason they or the public interest would be harmed by arranging for Mr. Lankford's examination and treatment by an outside physician. The Court finds that any harm to the defendants is likely to be minimal compared to the harm Mr. Lankford is likely to endure if his condition remains untreated

Mr. Lankford was previously treated at a vascular surgery clinic. The Court finds that an appropriate and narrowly drawn injunction simply requires Wexford to refer Mr. Lankford to a specialist who can provide an appropriate diagnostic scan (e.g. an ultrasound, CT, or MRI) and then adopt and implement the treatment plan recommended by the specialist. This order does not require any defendant or member of the Wexford medical staff to render specific or unnecessary treatment. Rather, it simply requires Wexford to timely facilitate appropriate treatment for Mr. Lankford's condition.

**IT IS SO ORDERED.**

Date: 5/5/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

JACK LANKFORD
854170
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Angela Marie Rinehart
KATZ  KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com